UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DAVID CHUNG,

                    Plaintiff,                          **MEMORANDUM AND ORDER**

                v.                              20-CV-3983 (RPK) (CLP)

PURE FISHING, INC.,

                    Defendant.
---------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff David Chung, a recreational fisherman, brings this lawsuit against defendant Pure

Fishing, Inc., the maker of the "Berkley Gulp!" line of bait.  *See* Compl. ¶¶ 3, 5, 74.  Mr. Chung

started using "Berkley Gulp!" around 2015.  Soon afterward, he alleges, he learned that the

containers in which the bait is packaged are prone to leaking.  *Id.* ¶¶ 77-91.  Nevertheless, Mr.

Chung found the bait "highly effective."  *Id.* ¶ 75.  He kept buying the product until August 2020,

when he filed this lawsuit.  He claims that as a result of the product's propensity for leakage, which

Pure Fishing did not disclose, the company breached express and implied warranties, violated the

Magnuson-Moss Warranty Act ("MMWA"), committed fraud, made negligent misrepresentations,

violated New York General Business Law ("GBL") Sections 349 and 350 and similar consumer-

protection laws of other States, and received unjust enrichment.  *See id.* ¶¶ 111-144. Pure Fishing

has moved to dismiss the complaint.  For the reasons below, the motion is granted.

## BACKGROUND

      The following facts are drawn from the complaint and are assumed true for the purposes

of this order.  Pure Fishing makes fishing gear, including "Berkley Gulp!" artificial bait. *Id.* ¶¶ 2-

4.  "Berkley Gulp!" contains imitation baitfish immersed in attractant liquid.  *Id.* ¶¶ 2-8.  The

labeling states that it "[i]mitates the natural odor and flavor of live bait," "[o]utfishes all other

bait," and will help customers "catch more fish."  *Id.* ¶¶ 24, 27.  "Berkley Gulp!" is sold in resealable plastic bags and in pint-sized tubs.  *Id.* ¶ 6.  Pure Fishing warrants that the bait is "free from defects in materials or workmanship for a period of one (1) year from the date of purchase." *Id.* ¶ 113.

Mr. Chung was introduced to "Berkley Gulp!" in 2015.  *Id.* ¶ 75.  He "immediately found it to be highly effective."  *Ibid.*  But he "soon discovered" the product had flaws.  *Id.* ¶ 77.  From the time that "he first bought" "Berkley Gulp!," the product's containers sometimes leaked attractant fluid.  *Id.* ¶ 80; *see id.* ¶¶ 81-93.  Mr. Chung nevertheless continued to buy and use "Berkley Gulp!" until August 2020.  *Id.* ¶ 94.

That month, Mr. Chung filed this putative class action lawsuit on behalf of "[a]ll persons who purchased one or more Gulp! replicator products in the United States and its territories or possessions."  *Id.* ¶ 98.  Mr. Chung's claims center around the allegedly leaky containers.  He alleges that Pure Fishing breached express and implied warranties and violated the MMWA through its sales of the product.  *Id.* ¶¶ 124-47.  He also alleges that Pure Fishing committed fraud, made negligent misrepresentations, and violated the consumer-protection provisions in Sections 349 and 350 of the New York GBL by failing to disclose the leakage problem.  *Id.* ¶¶ 148-60, 169-70.  Finally, he alleges that the company received unjust enrichment from sales of the bait.  *Id.* ¶¶ 161-68.

Pure Fishing has moved to dismiss the complaint.  *See* Dkt. # 16.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true.  *Iqbal*, 556 U.S. at 678.  The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id*. at 678-79.

## DISCUSSION

For the reasons that follow, Mr. Chung's claims for violation of Sections 349 and 350 of New York's GBL, breach of express and implied warranties, fraud, negligent misrepresentation, and unjust enrichment are dismissed.

## I.     Mr. Chung Has Failed to State a Claim for Violations of New York's General Business Law.

Mr. Chung has failed to adequately plead a violation, within the statute of limitations, of Sections 349 and 350 of New York's GBL.  "To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015).  A claim under these sections accrues when a plaintiff is injured.  *See Corsello v. Verizon New York, Inc.,* 967 N.E.2d 1177, 1185 (N.Y. 2012).  The statute of limitations ends three years from the date on which the claim accrues.  *Atik v. Welch Foods, Inc.*, No. 15-CV-5405 (MKB), 2016 WL 11480151, at *7

(E.D.N.Y. Aug. 5, 2016).  Accordingly, Mr. Chung may only bring claims under these sections for violations in the three years between August 2017 and August 2020, when the complaint was filed.

Mr. Chung errs in contending that the continuing violations doctrine permits him to bring claims based on purchases going as far back as 2015, when he first bought the product.  Pl.'s Mem. of L. in Opp'n 5-7 (Dkt. # 17) ("Pl.'s Opp'n").  That doctrine applies only to claims that are "composed of a series of separate acts that collectively constitute one unlawful [] practice." *Washington v. Cty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004).  That is, it applies only "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment."  *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)).  In contrast, it does not apply to "discrete unlawful acts, even where these acts are part of a serial violation."  *Ibid.*  As Mr. Chung's counsel acknowledged at oral argument, Mr. Chung is not pressing the type of claim that accrues only after a plaintiff has been subjected to some threshold amount of mistreatment.  The continuing violations doctrine, therefore, does not apply.

Mr. Chung has failed to adequately plead that Pure Fishing violated Sections 349 and 350 within the statute of limitations, because he has not plausibly alleged that Pure Fishing engaged in deceptive conduct that caused him injury in the past three years.  While Sections 349 and 350 "do[] not require proof of justifiable reliance," *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995), in order to state a claim, "a plaintiff must allege both a deceptive act or practice directed toward consumers and that such act or practice resulted in actual injury to a plaintiff," *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 818 N.E.2d 1140, 1143 (N.Y. 2004).  Plaintiffs often allege injury by alleging that they purchased a product at a price they would have been unwilling to pay had they known of a product

4

defect.  *See Braynina v. TJX Cos., Inc.*, No. 15-CV-5897 (KPF), 2016 WL 5374134, at *10 (S.D.N.Y. Sept. 26, 2016) (cataloging examples).  But a plaintiff may also allege alternative injuries—for example, that the plaintiff did not receive services that he was told he was purchasing, or that the plaintiff suffered adverse health effects as a result of a purchase based on deceptive trade practice.  *Ibid.*

Mr. Chung has failed to plead a violation of Sections 349 and 350 within the statute of limitations because he has not adequately pleaded any theory of injury.  Mr. Chung acknowledges that he learned that the containers in which "Berkley Gulp!" is packaged were prone to leakage soon after he first bought the bait, but that he elected to keep buying the product.  *See* Compl. ¶¶ 77, 79, 80.  His complaint thus makes plain that his purchases within the statute of limitations were made with knowledge of the product's propensity to leak.  Accordingly, Mr. Chung does not plausibly allege that he unwittingly paid a premium price for the product in those transactions. Nor does Mr. Chung plausibly allege injury based on an alternative theory.  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015).  Since Mr. Chung has pleaded no facts that would allow "the court to draw the reasonable inference that" he suffered injury within the limitations period as a result of Pure Fishing's alleged deceptive practices, *Iqbal*, 556 U.S. at 678, Mr. Chung's claims under Sections 349 and 350 must be dismissed.

Mr. Chung suggests that his failure to plausibly allege that he was misled is irrelevant, because the question relevant to liability under Sections 349 and 350 is "whether [a defendant's] conduct is likely to mislead a reasonable consumer," rather than whether defendant's conduct misled Mr. Chung.  *See* Pl.'s Opp'n 4-5.  But as the case on which Mr. Chung relies for this proposition makes clear, a GBL plaintiff must also plausibly allege "that Defendant's deceptive act caused some actual injury."  *Segovia v. Vitamin Shoppe, Inc.*, No. 14-CV-7061 (NSR), 2017

5

WL 6398747, at *4 (S.D.N.Y. Dec. 12, 2017) (citing *Oswego*, 647 N.E.2d at 745). Mr. Chung has not plausibly alleged that he was tricked into paying a premium price, and he has not plausibly alleged any other injury.

Mr. Chung contends that he "properly pleaded injury" by alleging that he "purchased a [p]roduct that did not maintain the liquids it needed to function properly" and that he "was unable to utilize a significant portion of the potent liquid formula he paid for." Pl.'s Opp'n 7 (citing Compl. ¶ 68). Yet GBL claims are distinct from product liability claims. They require a plaintiff to allege that his injury was caused by a "deceptive act." *Orlander*, 802 F.3d at 300. Here, Mr. Chung alleges that he learned that the product's container was prone to leaking attractant fluid soon after first purchasing the product, and before all of the purchases that fall within the statute of limitations. He therefore cannot allege that he was deceived into purchasing the product at any time within the limitations period.

II.     **Mr. Chung Fails to State a Claim for Breach of Warranty or Violation of the MMWA.**

Mr. Chung also falls short on his warranty claims. To be entitled to recover for breach of an express or implied warranty under New York law, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" N.Y. U.C.C. § 2-607(3)(a). This requirement means that plaintiffs "must allege some form of timely, pre-litigation notice." *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 245 (S.D.N.Y. 2020) (citations omitted) (addressing express warranty); *see Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 391 (S.D.N.Y. 2021) (collecting cases applying pre-suit notice requirement to implied warranty claims). Mr. Chung acknowledges that he never notified Pure Fishing of any breach of warranty. Pl.'s Opp'n 11. Instead, he argues that notice would have been futile. *Ibid.* But "no futility exception exists in New York[.]" *Melendez v. ONE Brands, LLC,* No. 18-CV-06650 (CBA) (SJB), 2020 WL 1283793, at *7

(E.D.N.Y. Mar. 16, 2020); *see Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 144 (E.D.N.Y. 2018) (same).  Accordingly, Mr. Chung has failed to adequately plead breach of an express or implied warranty under New York law.

This failure also dooms Mr. Chung's claim under the MMWA.  To state a MMWA claim, a plaintiff "must adequately plead a cause of action for breach of written or implied warranty under state law."  *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015); *see Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 315 (N.D.N.Y. 2019) (same).  Since Mr. Chung has failed to plead breach of a warranty under New York law, he has failed to state a claim under the MMWA.

Amendment of Mr. Chung's warranty claims would be futile because Mr. Chung has conceded that he provided no pre-suit notice to Pure Fishing.  Accordingly, Mr. Chung's breach of warranty and MMWA claims are dismissed with prejudice.

## III.    Mr. Chung Fails to State a Claim for Fraud.

Mr. Chung has not adequately pleaded fraud.  To plead fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact (2) made by a defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff.  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021) (brackets and citation omitted); *see Pasternack v. Lab'y Corp. of Am. Holdings*, 59 N.E.3d 485, 491 (N.Y. 2016).  Where, as here, a plaintiff alleges fraud based on an omission, the plaintiff must also allege that the defendant had a duty to disclose the omitted information.  *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007).  Where no fiduciary relationship exists, a duty to disclose arises "where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge."  *Loreley Fin. (Jersey) No. 3 Ltd.*, 13 F.4th at 263 (quoting

7

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006)); *see Jana L. v. W. 129th St. Realty Corp.*, 22 A.D.3d 274, 278 (N.Y. App. Div. 2005) ("As a threshold matter, the doctrine [of superior knowledge] requires satisfaction of a two-prong test: that the material fact was information peculiarly within the knowledge of [defendant], and that the information was not such that could have been discovered by [plaintiff] through the exercise of ordinary intelligence." (quoting *Black v. Chittenden*, 503 N.E.2d 1370, 1372 (N.Y. 1986)) (internal quotations omitted)).

Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  That rule requires plaintiffs to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To do so, a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996) (citations omitted); *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc*., 723 F.3d 192, 197 (2d Cir. 2013).  "In cases where the alleged fraud consists of an omission and the plaintiff is unable to specify the time and place because no act occurred, the complaint must still allege: (1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud."  *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 440 (S.D.N.Y. 2019) (citation omitted). While scienter "may be alleged generally," Fed. R. Civ. P. 9(b), the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent," *Lerner*, 459 F.3d at 290 (citation omitted). A "strong inference" may be pleaded "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Eternity Glob. Master Fund*

8

*Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (internal citations omitted).

Mr. Chung has failed to adequately plead fraud.  First, his vague descriptions of the asserted omission do not satisfy Rule 9(b).  While Mr. Chung states in his motion papers—but not his complaint—that Pure Fishing committed fraudulent omission because it "omitted material information at the point of sale," Pl.'s Opp'n 17, Mr. Chung has not at any point disclosed when or where he bought the company's bait or explained "the context of the omissions and the manner in which" the alleged omissions "misled the plaintiff," *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d at 440.  Courts routinely find that comparably sparse complaints do not satisfy Rule 9(b).  *See, e.g.*, *Tigran Ohanian, v. Apple Inc.*, No. 20-CV-5162 (LGS), 2021 WL 5331753, at *3 (S.D.N.Y. Nov. 16, 2021); *Bruno v. Zimmer, Inc.*, No. 15-CV-6129 (LDW) (AKT), 2017 WL 8793242, at *9 (E.D.N.Y. Aug. 11, 2017), *report and recommendation adopted*, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018); *Ladmen Partners, Inc. v. Globalstar, Inc.*, No. 07-CV-976 (LAP), 2008 WL 4449280, at *16 (S.D.N.Y. Sept. 30, 2008).

Second, Mr. Chung fails to demonstrate a duty to disclose.  In the absence of a fiduciary relationship between the parties, Mr. Chung appears to suggest that such a duty exists because Pure Fishing "possess[ed] superior knowledge, not readily available to" him, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 263 (2d Cir. 2021) (citation omitted), regarding the leaky containers, *see* Compl. ¶¶ 67, 72, 150.  But Mr. Chung has failed to adequately allege that he could not have learned about the leaky containers through reasonable inquiry.  In fact, Mr. Chung himself alleges that the public was widely aware of the leaky containers before he ever purchased one of the products.  *See id*. ¶¶ 31-41.  He alleges that since at least 2013, many consumers have discussed and complained about the leaky containers on a wide variety of online

forums and videos which Mr. Chung indicates are easily found with an internet search. *Ibid.* Indeed, Mr. Chung relies on these public complaints to establish *Pure Fishing*'s knowledge of the leaky containers. *Ibid.*; Pl.'s Opp'n 9. Mr. Chung therefore offers "no [] allegations that show that [Pure Fishing] was in possession of any information relevant to the defect[] that was not also possessed by outside third parties[.]" *Catalano v. BMW of N. Am.*, 167 F. Supp. 3d 540, 560-61 (S.D.N.Y. 2016) (holding that plaintiff had failed to allege facts demonstrating a duty to disclose where customers had lodged complaints on consumer forums and with a government agency); *see Bruno*, 2017 WL 8793242, at *10; *Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 325 (W.D.N.Y. 2020).

**IV.      Mr. Chung's Failure to Allege a Special Relationship Requires the Dismissal of his Negligent-Misrepresentation Claim.**

Mr. Chung has failed to state a claim for negligent misrepresentation. To state a claim for negligent misrepresentation under New York law, a plaintiff must allege "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the information [or omission]." *Wallkill Med. Dev., LLC v. Catskill Orange Orthopaedics, P.C.*, 178 A.D.3d 987, 990 (N.Y. App. Div. 2019) (alteration in original) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1109 (N.Y. 2011)); *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Hydro Inv'rs v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000)).

The requirement of a duty to provide correct information as a result of a special relationship "limits negligent misrepresentation claims to situations involving 'actual privity of contract between the parties or a relationship so close as to approach that of privity.'" *Anschutz Corp.*, 690 F.3d at 114 (quoting *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 271 (2d Cir. 1993)). "In the

10

commercial context, a closer degree of trust between the parties than that of the ordinary buyer and seller is required to establish the 'existence of . . . a special relationship[.]'" *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-4697 (CM), 2016 WL 6459832, at *8-9 (S.D.N.Y. Oct. 26, 2016) (quoting *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996)).  Whether a special relationship exists depends on "whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *Kimmell*, 89 N.Y.2d at 263; *see Suez Equity Inv's, L.P v. Toronto-Dominion Bank*, 250 F.3d 87, 103 (2d Cir. 2001) (relying on the *Kimmell* factors).  Under *Kimmell*, "the vast majority of arms-length commercial transactions, which are comprised of 'casual statements and contacts,' will not give rise to negligent misrepresentation claims." *Izquierdo*, 2016 WL 6459832, at *8.

Mr. Chung has not set out facts suggesting that this is the rare case in which a buyer and product manufacturer have a relationship so close as to approach privity of contract.  Because Mr. Chung never alleges that he purchased bait from defendant directly, the complaint describes a relationship "even more attenuated than a run-of-the-mill, arms-length commercial transaction," *Izquierdo*, 2016 WL 6459832 at *9; *see* Compl. ¶ 5 (stating that "defendant's Gulp! is sold to consumers . . . through various large retailers, and tackle shop[s]" and "at various e-commerce websites such as Amazon.com and eBay").  And a run-of-the-mill, arms-length commercial transaction does not establish "a special relationship of trust or confidence." *Izquierdo*, 2016 WL 6459832, at *9 (noting that "a basic commercial transaction does not give rise to a special relationship"); *see Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280, 293

(W.D.N.Y. 2014) (same); *Dallas Aerospace, Inc. v. CIS Air Corp.*, No. 00-CV-1657, 2002 WL 31453789 (BSJ), at *3 (S.D.N.Y. Oct. 31, 2002) (same), *aff'd*, 352 F.3d 775 (2d Cir. 2003).

Mr. Chung's efforts to invoke the other *Kimmell* factors fall short.  Mr. Chung suggests that Pure Fishing "held itself out as holding unique and special expertise regarding fishing."  Pl.'s Opp'n 15.  But the complaint alleges that Pure Fishing omitted information about its packaging. Compl. ¶¶ 152-159.  That is not a topic on which Pure Fishing held itself out as having special expertise.  To salvage his claim, Mr. Chung asserts in his response to defendant's motion that the alleged packaging defect renders false defendant's alleged claim that users would "catch more fish."  Pl.'s Opp'n 16.  But Mr. Chung does not make that claim in his complaint—where he instead asserts that he found "Berkley Gulp!" to be "highly effective."  Compl. ¶ 75.  And that claim, too, seems unlikely to establish a special relationship that could provide a basis for a negligent-misrepresentation claim.  Negligent-misrepresentation claims based on special expertise arise when a defendant misrepresents scientific or technical facts, such as a product's health benefits, or the maintenance requirements of airplanes.  *See, e.g.*, *Greene v. Gerber Prod. Co*., 262 F. Supp. 3d 38, 75 (E.D.N.Y. 2017); *Hughes v. Ester C Co*., 930 F. Supp. 2d 439, 475 (E.D.N.Y. 2013); *Wells Fargo Bank Nw., N.A. v. Taca Intern. Airlines, S.A*., 247 F. Supp. 2d 352, 366-67 (S.D.N.Y. 2002).  The slogan "catch more fish" is not a scientific or technical claim of this sort.  And while the label's claim that the product increases scent dispersion by "up to 400x" might qualify as a scientific or technical claim, Mr. Chung has not suggested that this claim is inaccurate.  In sum, Mr. Chung has failed to plead a special relationship that would sustain a negligent-misrepresentation claim.

## V.      Mr. Chung's Unjust-Enrichment Claim Is Duplicative.

Mr. Chung has also failed to adequately plead unjust enrichment.  An "unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."

*Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).  "Two claims are duplicative of one another if they 'arise from the same facts and do not allege distinct damages.'"  *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (ellipsis omitted) (quoting *Sitar v. Sitar*, 854 N.Y.S.2d 536, 538 (N.Y. App. Div. 2008)).  Mr. Chung does not assert that his unjust-enrichment claim arises from different facts than those at issue in his other claims, or that he is seeking distinct damages.  *See* Pl.'s Opp'n 18.  Instead, he urges that Federal Rule of Civil Procedure 8 allows him to plead unjust enrichment and other claims in the alternative.  *Ibid.*  Yet "even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust-enrichment claim is not merely duplicative of their other causes of action."  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *see Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) ("Because plaintiff's unjust enrichment claim under New York law is based on the same allegations as her claims of violations of GBL §§ 349 and 350 . . . the Court dismisses plaintiff's unjust enrichment claim as duplicative of her other New York claims.").  Since Mr. Chung has failed to do so, his unjust-enrichment claim is dismissed.

VI.     **Mr. Chung Lacks Standing to Bring Claims Under Other States' Consumer Protection Laws.**

Insofar as he seeks to do so, Mr. Chung may not bring claims under other states' consumer protection laws. Mr. Chung is a citizen of New York, Compl. ¶ 73, and does not allege that he bought or used the product outside New York.  He nevertheless alleges that Pure Fishing's conduct also violates the consumer protection statutes of other states.  *Id.* ¶¶ 143-44.  And he seeks to raise those allegations "on behalf of the class" that he wishes to represent.  *Id.* ¶ 144.  "Where plaintiffs themselves do not state a claim under their respective state's consumer statutes, however, they do not have standing to bring claims under other state statutes—even where they are named plaintiffs

in a purported class action." *Simington v. Lease Fin. Grp., LLC*, No. 10-CV-6052 (KBF), 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Given that Mr. Chung's claim under New York's consumer protection statute fails, Mr. Chung lacks standing to bring claims under other states' consumer protection laws. *See, e.g.*, *Gould v. Helen of Troy Ltd.*, No. 16-CV-2033 (GBD), 2017 WL 1319810, at *6 (S.D.N.Y. Mar. 30, 2017).

<b>CONCLUSION</b>

Pure Fishing's motion to dismiss is granted.  Mr. Chung may file a motion seeking leave to file an amended complaint within thirty days.  Any such motion should include the proposed amended complaint as an exhibit and explain why leave to amend should be granted.  If Mr. Chung does not seek leave to amend within thirty days, judgment shall be entered.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 23, 2022
       Brooklyn, New York